**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 25-30365 |
| | ) | Chapter 7 |
| Laif A. Rognlin, | ) | |
| Amanda L. Rognlin, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| Gene W. Doeling, Bankruptcy Trustee | ) | **COMPLAINT** |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Cordoba Legal Group, | ) | |
| | ) | |
| Defendant. | ) | Adversary No. 25-_____ |
| | ) | |

Gene W. Doeling, as bankruptcy trustee, by and through his attorney, for his cause of action against the Defendant, Cordoba Legal Group, alleges as follows:

1.      The Debtors filed a Chapter 7 Bankruptcy Petition in the District of North Dakota on August 14, 2025.

2.      Gene W. Doeling is the duly appointed bankruptcy trustee of this bankruptcy case.

3.      The Defendant Cordoba Legal Group is a corporation organized under the laws of Florida with an address at 102 NE 2nd Street, Boca Raton, FL 33432.  The Defendant solicits business in the state of North Dakota and does business with debtors such as the Debtors in this case, in this state.

4.      Pursuant to 11 U.S.C. §§ 544 and 548, and N.D.C.C. §§ 13-11-21, 13-11-29, 13-02.1-07, and 51-15-09, the Plaintiff seeks to recover payments made to the Defendant.

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334.  The venue of this case is proper pursuant to 28 U.S.C. §1408.  This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §157.

6.      On or about October 24, 2024, the Debtor Amanda Rognlin entered into one or more agreements with the Defendant.  The purported purpose of the contract was settlement of the debts of the Debtors.  The Defendant collected approximately $3,600 from the Debtors between November 2024 and March 2025.

7.      The Debtors have made payments to the Defendant totaling not less than $3,600. Upon cancellation of the contract, the Debtors requested a refund as no debts had been settled by the Defendant, but the Defendant refused to issue a refund to the Debtors.

8.      Defendant is not licensed as a debt settlement provider in the State of North Dakota.

9.      The Plaintiff alleges that the transfer of funds to the Defendant was for no consideration; Debtors received nothing of value or did not receive reasonably equivalent value in exchange for the transfer of funds and therefore it was a fraudulent transfer.

### COUNT I —— VIOLATIONS OF THE UNIFORM DEBT MANAGEMENT SERVICES ACT

10.     Plaintiff realleges paragraphs 1-9 of this Complaint as if fully enumerated within.

11.     Defendant has violated various provisions of the Uniform Debt Management Services Act, which may be privately enforced through N.D.C.C. § 13-11-29.

12.     Defendant is a "debt settlement provider" within the meaning of N.D.C.C. § 13-11-01(6).

13.     Defendant has operated as a debt settlement provider without first obtaining a license in violation of N.D.C.C. § 13-11-02.

14.     Defendant has charged excessive and illegal fees in violation of N.D.C.C.§ 13-11-21.  Specifically, Defendant charged illegal fees denominated setup fees, account maintenance fees, initial fees, company fees, and administrative fees and other fees not authorized under N.D.C.C. §13-11-21.

15.     That, pursuant to N.D.C.C. § 13-11-29, the Plaintiff is entitled to restitution in the entire amount of the fees paid to the Defendant, as well as attorney's fees, costs, and disbursements expended in pursuing this action.

## COUNT II –– FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548

16.     Plaintiff realleges paragraphs 1-15 of this Complaint as if fully enumerated within.

17.     Defendant committed actual fraud upon the Debtors.  The Defendant persuaded the Debtors to transfer the funds to them under the false representation that they were a legitimate debt settlement company and would help the Debtors settle their listed debts.  The Defendant was aware or should have been aware that under the circumstances of these Debtors that representation was false and it would be unable to perform on its representations.

18.     The Plaintiff alleges that the Defendant attempted to provide illegal services and charge illegal fees to the Debtors barred by state law, as previously alleged in paragraphs 12-18 of this Complaint.  The fees charged by the Defendant were per se not reasonably equivalent value because they are illegal.

19.     The Plaintiff alleges that the Debtors made a fraudulent transfer to the Defendant by the transfer of funds described.  The Debtors did not receive reasonably equivalent value for the transfer.  The transfer from the Debtors to the Defendant was a fraudulent transfer within the meaning of 11 U.S.C. § 548(a)(1)(B).

20.     The Defendant is not a good faith transferee as contemplated by 11 U.S.C. § 550(e), and therefore, the Plaintiff should recover the entire sum transferred to the Defendant.

### COUNT III —— STATE LAW FRAUDULENT TRANSFER

21.     Plaintiff realleges paragraphs 1-20 of this Complaint as if fully enumerated within.

22.     As previously alleged herein, the Trustee alleges that the Debtors made the described transfers to the Defendant while they were insolvent and for less than reasonably equivalent value.

23.     These transfers are fraudulent within the meaning of N.D.C.C. §§ 13-02.1-04(1)(b) and 13-02.1-05(1). The Trustee may avoid this transfer under N.D.C.C. § 13-02.1-07.

24.     The Trustee is authorized to pursue this claim pursuant to 11 U.S.C. § 544.

### COUNT IV —— UNLAWFUL SALES PRACTICES

25.     Plaintiff realleges paragraphs 1-24 of this Complaint as if fully enumerated within.

26.     As previously alleged herein, the Defendant was not a licensed debt settlement provider and illegally contracted with the Debtor to provide debt settlement services and collect illegal fees.

27.     In attempting to illegally contract to provide debt settlement services, the Defendant has also violated N.D.C.C. § 51-15-02.  Defendant misrepresented that they were providing a lawful service to the Debtors and that the fees charged to the Debtors were legal, fair, and reasonable.

28.     Pursuant to Chapter 51-15, the Plaintiff in this action is entitled to recover not only the amount paid Defendant, but due to the fact the Defendant knowingly operated illegally as a debt settlement provider and knowingly charged illegal fees, this Court may award up to three times the actual amount of damages proven, and the Court must award recovery of costs, disbursements and actual reasonable attorney's fees incurred in this action.  N.D.C.C. § 51-15-09.

THEREFORE, Plaintiff respectfully requests that the Court enter Judgment in favor of the Plaintiff against the Defendant in the amount of the transfers of not less than $3,600, less any

- 4 -

- 5 -

amount paid to creditors or refunded to the Debtors, but also award the costs of this litigation including reasonable actual attorney's fees, and if applicable, pursuant to N.D.C.C. § 51-15-09 three times the actual damages proven and for such other and further relief as the Court deems fair and just.

Dated this 11th day of December, 2025.

/s/ Gene W. Doeling
Gene W. Doeling
KD LAW, PLLP
Attorney for Plaintiff
3429 Interstate Blvd
P.O. Box 9231
Fargo, ND 58106
(701) 232-8757
ND Attorney No. 05078